UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**NEWTON JONES (01),**<br>**WILLIAM CREEDEN (02),**<br>**KATERYNA JONES (03),**<br>**WARREN FAIRLEY (04),**<br>**LAWRENCE McMANAMON (05),**<br>**KATHY STAPP (06),**<br>**CULLEN JONES (07),**<br><br>    **Defendants.** | Case No. 24-20070-DDC |

### DEFENDANTS' UNOPPOSED MOTION FOR ISSUANCE OF RULE 17(C) SUBPOENA DUCES TECUM TO IBB

Defendants Newton Jones, William Creeden, Kateryna Jones, Warren Fairley, Lawrence McManamon, and Cullen Jones ("Defendants"), by and through their undersigned counsel and pursuant to Federal Rule of Criminal Procedure 17(c), hereby respectfully move this Court to authorize the issuance of the attached subpoena duces tecum ("Subpoena") to the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers, and Helpers ("IBB"). The Subpoena seeks documents and information that are material and necessary to the preparation of the Defendants' case, as they pertain to critical elements of the defense. The proposed Subpoena is attached as Exhibit 1 to this Motion (date and time of return left blank to be filled in by the Court). IBB does not oppose the issuance of the Subpoena.

### A. Background

This case involves a 57-count Indictment with what the Government alleges was a long standing and broad racketeering conspiracy arising from Defendants' employment and activity at IBB. Specifically, the Indictment alleges that Defendants engaged in a conspiracy to convert IBB funds for their own benefit by engaging in unnecessary and unauthorized expenditures for international travel and for paying persons who the Government alleges performed little to no work for IBB, among other things.

Despite the crux of the Indictment involving Defendants' work, travel, and communications for and at IBB specifically, the Government failed to obtain blatantly relevant and potentially exculpatory documents and information from IBB. Upon learning the Government had not taken any steps to facilitate production of these materials, Defendants' counsel proactively conferred with IBB counsel to determine if IBB would voluntarily produce any such materials. After conferring, IBB counsel advised that a subpoena pursuant to Rule 17(c) would be necessary for IBB to produce the requested materials, but that IBB would not oppose certain materials Defendants were requesting. This motion addresses the unopposed requests, and Defendants are concurrently filing a separate motion relating to the contested requests.

### B. Specific Documents and Information Requested in Proposed Subpoena

As reflected in Exhibit A, the Subpoena seeks ten specific categories of documents:

(1) Emails from January 1, 2009 through August 31, 2023 for Newton Jones, William Creeden, Kateryna Jones, Warren Fairley, Lawrence McManamon, Cullen Jones, Tyler Brown, Sara Baez and Hailey Rose ("Eight Custodians"), where any of the Defendants appear in the "to" or "from" fields.

(2) Outlook 365 calendar materials for the Eight Custodians.

(3) All International Executive Council ("IEC") meeting minutes and mail ballots beginning January 2009.

(4) All IBB Tuition Policies from 2003 through February 2023.

(5) All assignment letters electronically maintained by IBB related to IBB travel from 2009 to February 2023.

(6) Vacation tracking spreadsheets derived from BambooHR software for Defendants from January 2009 through February 2023.

(7) Bank of Labor loan spreadsheets related to the $7,000,000.00 loan from IBB to the Bank of Labor.

(8) Non-Bamboo system vacation tracking spreadsheet(s) for Defendants from January 2009 through February 2023 maintained in the IBB Dropbox of Debbie Goodwin.

(9) Cullen Jones's login and account materials for Photoshelter and Storylog; and relevant materials identified through files directories for the Synology drive and his two work devices, including Mac Pro, Serial Number F5KQ30JDFJ694; and Mac Studio, Serial Number JTHQJ1Q5WR.

(10) Bill Creeden's IBB expense reports from January 1, 2012 through December 31, 2024.

### C. IBB Agrees the Documents and Information Sought in the Subpoena are Relevant and Will be Produced Pursuant to a Rule 17(c) Subpoena.

A party seeking a subpoena duces tecum under Rule 17(c) must establish:

(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974) (footnote omitted).

"There are three obstacles to issuance of a Rule 17(c) subpoena: relevancy, admissibility, and specificity." *United States v. Wittig*, 250 F.R.D. 548, 552 (D. Kan. 2008).

3

The last requirement—limiting Rule 17(c) subpoenas to "specific" requests—is a requirement this Court views as "the most difficult hurdle to overcome." *Id.* at 552 (citing *United States v. Anderson*, 31 F. Supp. 2d 933, 944 (D. Kan. 1998)).

The proposed Subpoena satisfies all *Nixon* requirements and should be issued, as it seeks specific relevant documents and information that is necessary for Defendants' defense.

*First*, the documents are evidentiary and relevant, as they will provide critical insight into the facts and circumstances of the allegations against Defendants regarding their work and travel at IBB, among other things. *See Nixon*, 418 U.S. at 700 (moving party need only show a sufficient likelihood that the documents subpoenaed are relevant and evidentiary, based on the evidence available); *see also United States v. Clinesmith*, No. 23-20063-DDC, 2025 WL 974262, at *3 (D. Kan. Apr. 1, 2025), *on reconsideration in part*, No. 23-20063-DDC, 2025 WL 1517307 (D. Kan. May 28, 2025) ("relevance criterion can be fulfilled if the documents sought <u>would tend to prove a material issue</u> of the prosecution or defense."). The documents are also admissible, as they largely contain non-privileged emails and calendars for Defendants and do not suffer typical hearsay or other admissibility hurdles.

*Second*, the documents requested in Exhibit A are specifically outlined and targeted at documents necessary for Defendants' defense of the case. For example, the Indictment lodges various allegations of low or no-work employees, including that Defendants were "not performing any productive work" (Doc. 1, Indictment ¶ 29), "did not perform productive work commensurate with fulltime employment" (*id.* ¶ 30), "performed little or no work" (*id.* ¶ 31), "spent weeks at home not working" (*id.* ¶ 46), "performed little or no productive work" (id. Ct. 35, ¶ 2), and "were not fulltime employees scheduled to work at least 30 hours per

4

week" (*id*. Ct. 49, ¶ 6). The requested Outlook materials are crucial to defend against those claims, as those requests are narrowly tailored to return documents that will show Defendants' work schedules, work product, and other work-related material. Specifically, the documents requested will show that Defendants were working diligently on behalf of IBB and had no intent or agreement to defraud anyone. They will similarly prove that no RICO enterprise existed at any time–a necessary element of the Government's case.

The Indictment also alleges that Defendants Newton Jones and Willian Creeden impermissibly approved a $7,000,000.00 loan to the Bank of Labor (*id*. Ct. 1 ¶ 40) and the Bank of Labor is referenced 48 times in the Government's Indictment. Reasonable discovery from IBB regarding its dealings with the Bank of Labor is necessary to mount a defense regarding the legitimacy of Defendants' actions. The Indictment further alleges that Defendants misused the IBB vacation policy and received payouts for vacation hours they had already used (*id*. Ct. 1, 36). Thus, documents detailing IBB's vacation tracking are necessary for Defendants' defense against these claims and have been specifically identified and requested.

These specific requests are made in good faith and are far from a fishing expedition: not only have Defendants narrowly tailored the Subpoena, but counsel for Defendants have spent significant time conferring with counsel for IBB and determining what documents exist, are relevant, and are obtainable by IBB. Defendants have limited the Subpoena to relevant custodians, topics, and timeframes, and respectfully submit the requests are made in good faith and necessary for the defense.

WHEREFORE, for the aforementioned reasons, Defendants respectfully ask that the Court issue the requested subpoena attached hereto as Exhibit 1.

Respectfully submitted,

SPENCER FANE LLP

/s/ *Patrick A. M<sup>c</sup>Inerney*
Patrick A. M<sup>c</sup>Inerney # 22561
Daniel M. Nelson KS Fed # 79203
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106-2140
Tele: 816-474-8100
Fax: 816-474-3216
pmcinerney@spencerfane.com
dnelson@spencerfane.com
Attorneys for Newton Jones

/s/ *Kurt Kerns*
Kurt P. Kerns # 15028
KERNS LAW GROUP
328 N. Main Street Wichita, KS 67202
Tele: 316-265-5511
kurtpkerns@aol.com

Federico Andino Reynal, *pro hac vice*
THE REYNAL LAW FIRM, PC
917 Franklin Street, Sixth Floor
Houston, TX 77002
Tele: 713-228-5900
areynal@frlaw.us
Attorneys for William Creeden

/s/ *Mark Molner*
Mark D. Molner # 24493
EVANS & MULLINIX, P.A.
7225 Renner Road, Suite 200
Shawnee, KS 66217
Tele: 913-962-8700
Fax: 913-962-8701
mmolner@emlawkc.com

6

John T. Davis, *pro hac vice*
KESSLERWILLIAMS LLC
1401 S. Brentwood Blvd., Suite 950
St. Louis, MO 63144
Tele: 314-455-5555
Fax: 314-727-2869
john.davis@kesslerwilliams.com
Attorneys for Kateryna Jones

/s/ *J.R. Hobbs*
James R. Hobbs KS Fed # 70169
Marilyn Keller # 15444
WYRSCH HOBBS & MIRAKIAN, P.C.
One Kansas City Place
1200 Main St., Suite 2110
Kansas City, Missouri 64105
Tele: 816-221-0080
Fax: 816-221-3280
jrhobbs@whmlaw.net
mbkeller@whmlaw.net
Attorneys for Warren Fairley

/s/ *Branden Smith*
Branden Smith # 22761
SMITH LEGAL, L.L.C.
719 Massachusetts Street, Suite 126
P.O. Box 1034
Lawrence, Kansas 66044
Tele: 785-856-0780
Fax:  785-856-0782
branden@smithlegalllc.com

Kevin M. Spellacy, *pro hac vice*
James Wooley, *pro hac vice*
Erin E. Hanson, *pro hac vice*
323 W. Lakeside Ave., Suite 200
Cleveland, OH 44113
Tele: 216-344-9220
Fax: 216-664-6999
kspellacy@spellacylaw.com
jwooley@spellacylaw.com
ehanson@mghslaw.com
Attorneys for Lawrence McManamon

        /s/ *Kathleen Fisher Enyeart*
Jackson Hobbs # 28191
Kathleen Fisher Enyeart # 25203
Brody Sabor KS Fed # 79098
LATHROP GPM
2345 Grand Blvd., Suite 2200
Kansas City, Missouri 64108
Tele: 816-292-2000
Fax: 816-292-2001
jackson.hobbs@lathropgpm.com
kathleen.fisherenyeart@lathropgpm.com
brody.sabor@lathropgpm.com
Attorneys for Cullen Jones

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed on July 9, 2025, with the Clerk of the Court for delivery to interested parties.

        /s/ Patrick A. M<sup>c</sup>Inerney
Attorney for Newton Jones

KC 24515647.4