UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     *Plaintiff*,

v.

                                  Case No. 2:24-cr-20070-DDC

NEWTON JONES (01),
WILLIAM CREEDEN (02),
KATERYNA JONES (03),
LAWRENCE MCMANAMON (05),
CULLEN JONES (07),

     *Defendants*.

**Defendants' Motion to Dismiss Count One
Or in the Alternative for a Bill of Particulars**

Table of Contents

Motion to Dismiss Count One ............................................................................................... 3

Summary of the Argument ................................................................................................... 3

Statement of the Case ......................................................................................................... 5

Argument ............................................................................................................................. 8

I.     Motion to Dismiss Standard ............................................................................... 8

II.    Count One Fails to State a Legally Sufficient RICO Offense............................................ 10

     A.     Count One's "enterprise" theory is legally defective. ..........................................10

           1.     The "Jones enterprise" theory violates multiple "enterprise" principles............................................................................................... 10

           2.     The real "enterprise" is the IBB, but that is not Count One's theory. ............................................................................................... 12

     B.     Count I fails to allege the requisite agreement. ................................................14

III.    Alternative request for a bill of particulars. ..................................................................... 16

Conclusion........................................................................................................................... 18

KC 24905517.2

**Motion to Dismiss Count One
or in the Alternative, for a Bill of Particulars
and Memorandum in Support of Same**

Defendants Newton Jones, William Creeden, Kateryna Jones, Warren Fairley, Lawrence McManamon, and Cullen Jones ("Defendants"), move for an order dismissing indictment Count One for failure to state an offense under Federal Rule of Criminal Procedure 12(b)(3)(B)(v). Alternatively, Defendants move for an order under Federal Rule of Criminal Procedure 7(f) requiring the government to produce a bill of particulars.

### Summary of the Argument

Count One (Racketeering Conspiracy--18 U.S.C. § 1962(d)) fails as a matter of law on multiple accounts. First, the "Jones Enterprise" lacks the essential elements that define a RICO "enterprise." Mere lack of detail is not the issue. Even if proven in full exactly as alleged, the "Jones Enterprise" that Count One adopts as its RICO keystone necessarily violates § 1962's "enterprise" requirements.

*Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001), requires that an enterprise be distinct from the defendant persons. *United States v. Turkette*, 452 U.S. 576, 583 (1981), mandates that the enterprise have operations apart from the alleged racketeering. And *Boyle v. United States*, 556 U.S. 938, 946 (2009), establishes that real structure is required. But instead of respecting these rules, the Indictment's "enterprise" theory affirmatively violates them.

Count One violates all of these constraints by refusing to make the "Jones enterprise" distinct from both (i) the Defendants themselves and (ii) their alleged racketeering activity. It alleges no organizational structure, no enterprise-level purpose beyond individual enrichment, and no activities independent of the charged racketeering acts. Instead, it describes the Defendants acting exclusively in their official IBB capacities—"as" union officers—thereby negating rather than establishing enterprise distinctness.

KC 24905517.2

At bottom, the IBB was not *the object of* another enterprise. The IBB *was* the "enterprise." But the Indictment does not charge Count One that way (because it could not, for many reasons). Thus, because the government's chosen "Jones Enterprise" theory is legally defective even if every allegation were proven true, Count One should be dismissed for failure to state an offense.

The Indictment also fails to sufficiently allege the remaining RICO Conspiracy elements, namely that there was an agreement amongst the Defendants to facilitate racketeering activity, and that any interdependency existed amongst the Defendants to commit the allegedly criminal acts. Instead, the Indictment generally alleges a far-reaching and vague "conspiracy" where IBB officers and employees committed certain acts during the course of their employment with IBB. But there are no specific, non-conclusory allegations that Defendants agreed to partake in the acts, or that *each* Defendant committed acts that were essential and integral steps toward the realization of the "Jones Enterprise." See *United States v. Brewer,* 630 F.2d 795, 799 (10th Cir.1980). Such broad allegations are insufficient to establish the remaining RICO Conspiracy elements, and Count I should be dismissed for this additional reason.

KC 24905517.2

## Statement of the Case

This complex criminal case against former officials of the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers, and Helpers ("IBB") stems from a 57-count indictment charging a RICO conspiracy under 18 U.S.C. § 1962, embezzlement from a labor organization under 29 U.S.C. § 501(c), and related fraud counts. Doc. 1. At issue now is Indictment Count One, "Racketeering Conspiracy--18 U.S.C. § 1962(d)." Doc. 1 at 11.

"The Racketeer Influenced and Corrupt Organizations Act (RICO or Act), 18 U.S.C. § 1961 *et seq.*, makes it 'unlawful for any person employed by or associated with any enterprise ... to conduct or participate ... in the conduct of such enterprise's affairs' through the commission of two or more statutorily defined crimes—which RICO calls 'a pattern of racketeering activity.'" *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 160 (2001). The required "enterprise" is defined in part by the statute, 18 U.S.C. § 1961, and in part by a wealth of complex precedent. *See, e.g. id.*

Count One alleges that the Defendants conspired to conduct the affairs of an entity labeled the "Jones Enterprise" through a pattern of racketeering activity. Doc. 1 at 11-26. The Indictment defines this enterprise as a loose association of high-ranking union officials and associates who allegedly used their positions within the International Brotherhood of Boilermakers and its related entities to authorize or receive financial benefits—including salaries, reimbursements, and benefits—that the government characterizes as excessive or improper. *Id.*

The Indictment specifies the "enterprise" in Count One's paragraphs two through eleven. Doc. 1 at 11-15. First, the Indictment invents the "Jones Enterprise" and its purposes. Then it alleges the Defendants' roles plus means and methods of this "Jones Enterprise":

KC 24905517.2

## COUNT ONE
### (Racketeering Conspiracy--18 U.S.C. § 1962(d))

1. The General Allegations numbered 1 through 27 inclusively are realleged and expressly incorporated herein.

### A. The Enterprise

2. At all times relevant to this Indictment, certain officers, employees, members, and associates of the Boilermakers Union, including Defendants NEWTON JONES, WILLIAM CREEDEN, KATERYNA (KATE) JONES, WARREN FAIRLEY, LAWRENCE MCMANAMON, CULLEN JONES, KATHY STAPP, and others known and unknown to the Grand Jury, constituted an enterprise, as defined in Title 18, United States Code, Section 1961(4), namely a group of individuals associated in fact (hereinafter referred to as the "Jones Enterprise"). This is the same enterprise referred to as the "Boilermakers Enterprise" in the Information charging Coconspirator One. The Jones Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The Jones Enterprise was engaged in, and its activities affected, interstate and foreign commerce.

### B. Purposes of the Jones Enterprise

3. The purposes of the Jones Enterprise included, but were not limited to, the following:

a. Enriching members and associates of the Jones Enterprise through, among other things, embezzlement from union funds, wire fraud, and embezzlement from pension and welfare funds; and

b. Preserving and protecting the power and profits of the Jones Enterprise through the use of embezzlement from union funds, wire fraud, and embezzlement from pension and welfare funds.

### C. Roles of the Defendants

4. Defendant NEWTON JONES was a primary figure within the Jones Enterprise, as well as an officer, employee, and member of the Boilermakers Union. Beginning in or about January 2009 and continuing to August 2023, Defendant JONES directed and supervised the activities of the Jones Enterprise as International President of the Boilermakers Union and Chairman of the Board of the Bank of Labor.

5. Defendant WILLIAM CREEDEN was a primary figure within the Jones Enterprise, as well as an officer, employee, and member of the Boilermakers Union. Beginning in or about January 2009 and continuing to August 2023, Defendant

KC 24905517.2

WILLIAM CREEDEN directed and supervised the activities of the Jones Enterprise as International Secretary-Treasurer of the Boilermakers Union and Senior Executive Vice-President of the Bank of Labor.

6. Defendant WARREN FAIRLEY was a primary figure within the Jones Enterprise, as well as an officer, employee, and member of the Boilermakers Union. Beginning in or about January 2009 until August 2023, Defendant WARREN FAIRLEY participated in the activities of the Jones Enterprise as International Vice-President of the Boilermakers Union. From August 2023 through August 2024, WARREN FAIRLEY participated in the activities of the Jones Enterprise as the International President of the Boilermakers Union.

7. Defendant LAWRENCE McMANAMON was a primary figure within the Jones Enterprise, as well as an officer, employee, and member of the Boilermakers Union. Beginning in or about January 2009 until August 2023, Defendant LAWRENCE McMANAMON participated in the activities of the Jones Enterprise as International Vice-President of the Boilermakers Union.

8. Defendant KATHY STAPP was a primary figure within the Jones Enterprise, as well as an employee and member of the Boilermakers Union. Beginning in or about January 2009 until August 2023, Defendant KATHY STAPP participated in the activities of the Jones Enterprise, as Director of Human Resources and Special Assistant to the International Secretary Treasurer. From August 2023 through August 2024, KATHY STAPP participated in the activities of the Jones Enterprise as the International Secretary Treasurer of the Boilermakers Union.

. . .

10. Defendant CULLEN JONES was a primary figure within the Jones Enterprise, as well as an employee and member of the Boilermakers Union. Beginning in or about January 2009 until August 2023, Defendant CULLEN JONES participated in the activities of the Jones Enterprise.

## D. <u>Means and Methods of the Enterprise</u>

11. The means and methods by which the Defendants and other members and associates of the Jones Enterprise conducted and participated in the conduct of the enterprise included the following:

a. Members and associates of the Jones Enterprise sought to dominate and control operations of the Boilermakers Union through the commission of theft from the Boilermakers Union in order to operate the Boilermakers Union so as to enrich themselves and other members and associates of the enterprise;

KC 24905517.2

b. Members and associates of the Jones Enterprise failed to expend money and property of the Boilermakers Union with the proper authorization as required by the Boilermakers Constitution; and

c. Members and associates of the Jones Enterprise failed to supervise and authorize expenditures deemed necessary to effectuate and accomplish the objectives of the Boilermakers Union, as set forth in Boilermakers Constitution Article 1.2, and other applicable provisions of the Boilermakers Constitution, or for its benefit, contrary to Article 5.2 of the Boilermakers Constitution.

Doc. 1 at 11-15.

**Argument**

## I.   Motion to Dismiss Standard

A sufficient Indictment must include a "plain, concise, and definite written statement of the essential facts constituting the offense charged . . ." Fed. R. Crim. P. 7(c)(1). An indictment must allege facts that, if proven, would constitute a violation of the charged statute. *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006). Although an Indictment that tracks the statute or statutes at issue is generally sufficient, the United States Supreme Court has held that, "it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Russell v. United States*, 369 U.S. 749, 765 (1962). While not a principal requirement for sufficiency, there is an important corollary purpose to the requirement that an Indictment set out at least some of the specifics of the offense charged, so that a court "may decide whether [the facts] are sufficient in law to support a conviction, if one should be had." *Id*. (quoting, *United States v. Cruikshank*, 92 U.S. 542, 557 (1875)).

An Indictment that merely tracks the language of the relevant statute is valid only if the statute "fully, directly, and expressly ***without any uncertainty or ambiguity***, sets forth all of the elements necessary to constitute the offense." *United States v. Sullivan*, 919 F.2d 1403, 1411 (10th

KC 24905517.2

Cir. 1990) (quoting, *Russell*, 369 U.S. at 765) (emphasis added). Where the statutory definition of an offense employs generic terms, charging the language of the statute itself is insufficient and the Indictment must "descend to particulars." *Id.*

Due process of law, as guaranteed to the defendant under the Fifth and Fourteenth Amendments to the United States Constitution, requires that no person be made to suffer the onus of a criminal conviction except upon sufficient evidence. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). Due process bars convictions on evidence which does not show proof beyond a reasonable doubt. *Id.* The standard of proof beyond a reasonable doubt plays a vital role in the American system of criminal justice in that it operates to give "concrete substance to the presumption of innocence to ensure against unjust convictions, and to reduce the risk of factual error in a criminal proceeding." *In re Winship*, 397 U.S. 358, 363 (1970). Under these constitutional principles, the government has the burden of proving, beyond a reasonable doubt, each and every element of the crimes charged in the indictment. *Davis v. United States*, 160 U.S. 469, 487 (1895).

"Challenging an indictment is not a means of testing the strength or weaknesses of the government's case, or the sufficiency of the government's evidence." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010). Rather, "[a]n indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *Id.* citing *United States v. Hall,* 20 F.3d 1084, 1087 (10th Cir. 1994). On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *Id.* Courts should therefore avoid considering evidence outside the indictment when testing the indictment's legal sufficiency. *Todd*, 446 F.3d at 1068.

KC 24905517.2

**II.      Count One Fails to State a Legally Sufficient RICO Offense.**

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), the Court should dismiss Count One (18 U.S.C. § 1962(d) (RICO Conspiracy)) for failure to state an offense because the Indictment fails to allege the essential elements of a RICO Conspiracy. To obtain a RICO conspiracy conviction, the Government must plead and prove ***each*** of the following: (1) an agreement by two or more persons to violate the law; (2) knowledge of the objectives of the conspiracy; (3) knowing and voluntary involvement in the conspiracy; and (4) interdependence among co-conspirators. *United States v. Foy*, 641 F.3d 455, 465 (10th Cir. 2011) (citing *United States v. Hutchinson,* 573 F.3d 1011, 1035 (10th Cir. 2009)).

The Indictment fails to state an offense on Count I by failing to allege these essential elements, namely the existence of: (1) an "enterprise" meeting the strict statutory definition; (2) the existence of any agreement amongst the Defendants to facilitate racketeering activity; and (3) any interdependency amongst the Defendants to commit the allegedly criminal acts. Each of these failures is independently fatal to Count I and requires dismissal.

**A.      Count One's "enterprise" theory is legally defective.**

The government's dangerously broad "Jone enterprise" theory violates several well-established definitional boundaries, rendering Count One legally defective in multiple independent respects.

**1.      The "Jones enterprise" theory violates multiple "enterprise" principles.**

The Indictment's Count One "Jones enterprise" theory is legally defective because it contradicts the rules requiring a RICO "enterprise" to be distinct from both (1) the defendant "persons" themselves and (2) the racketeering activity they allegedly engage in. To establish a RICO "enterprise," the government "must allege and prove the existence of two distinct entities:

10

KC 24905517.2

(1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001). The "enterprise" is also "not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages." *United States v. Turkette*, 452 U.S. 576, 583 (1981). The Indictment violates these requirements by conflating the "Jones enterprise" with nothing more than the Defendants themselves and their alleged racketeering. Because of this critical fault, Count One is legally defective as to all Defendants and should be dismissed.

Missing in particular is any allegation of the "Jones enterprise" having a distinct organizational *structure*. A "structure" of some kind is required. *Boyle v. United States*, 556 U.S. 938 (2009). Yet the "Jones enterprise" is not alleged to have any at all.  The Indictment does not describe any hierarchy, decision-making process, or even how the alleged participants coordinated their actions—elements that are necessary to distinguish an enterprise from a mere group of co-defendants alleged to have acted unlawfully. *See id.*

Missing as well is any allegation of the "Jones enterprise" having a distinct *common* purpose. The only purpose alleged for the "Jones enterprise" are parallel personal purposes—the stuff of a "'rimless hub-and-spoke' organization that cannot qualify as an association-in-fact enterprise." *Tronsgard v. FBL Fin. Group, Inc*., 312 F. Supp. 3d 982, 1000 (D. Kan. 2018); *see also Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) (liability "depends on showing that the defendants conducted or participated in the conduct of the "*enterprise's* affairs," not just their *own affairs*"). Without any enterprise-level objective transcending individual gain, the Indictment offers no basis for finding a collective purpose separate from the Defendants' own interests. This too shows that the "Jones enterprise" lacks a distinct identity.

KC 24905517.2

### 2.    The real "enterprise" is the IBB, but that is not Count One's theory.

There *is* an "enterprise" here. But it's not the "Jones Enterprise" that Count One charges as its keystone. The only real business "enterprise" here *is the IBB*. In stark contrast to the alleged "Jones enterprise," the IBB vis-à-vis the Defendants has all the hallmarks of a true "enterprise," including a distinct structure, identity, and purpose distinct from the criminal activity itself. *See Cedric Kushner Promotions*, 533 U.S. at 164; *Llacua v. W. Range Ass'n*, 930 F.3d 1161, 1184–85 (10th Cir. 2019) ("the RICO distinctness requirement is satisfied when a corporate officer, such as Richins in his role as executive director, board member, and president of WRA, is sued as the RICO defendant person and the alleged RICO enterprise is the corporation or association").

Notably, even when the Indictment defines and outlines the "Jones Enterprise" and each Defendants' part, the Defendants are not identified in any way other than by *IBB* position. They are not defined by their respective roles in the alleged enterprise, or their unlawful conduct toward the stated goal of "[e]nriching members and associates of the Jones Enterprise" or [p]reserving and protecting the power and profits of the Jones Enterprise." (Doc. 1 at 11-12, ¶¶ 3(a) and (b)). Instead, in the "Roles of the Defendants" section, the Indictment describes every Defendant as a "primary figure within the Jones Enterprise" and proceeds to provide a role description that is *identical* to their employment with IBB. For example, Newton Jones is described as "an officer, employee, and member of the Boilermakers Union" and his role in the enterprise as having "directed and supervised the activities of the Jones Enterprise *as* International President of the Boilermakers Union and Chairman of the Board of the Bank of Labor." (Doc. 1 at 12, ¶ 4) (emphasis added). Defendant Creeden, also a "primary figure," is alleged to have "directed and supervised the activities of the Jones Enterprise *as* Secretary-Treasurer of the Boilermakers Union and Senior Executive Vice-President of the Bank of Labor." (Id. at 12, ¶ 5) (emphasis added). And so on and so forth.

KC 24905517.2

These allegations indicate that the charged acts were not done through a distinct enterprise but rather in the course of, and limited to, official roles within an existing legal entity. Thus, the Indictment does not merely omit a distinct enterprise allegation. It positively pleads facts negating it, showing that all of the conduct attributed to the "Jones Enterprise" was conducted through and within the IBB's own structure.

Of course, Count One does not dare allege the IBB as Count One's "enterprise." Doing so would generate myriad doctrinal faults and even more dramatic factual contradictions, threatening to essentially criminalize protected union activity including determinations involving compensation, travel, hiring, and event planning.[1]  So Count One adopts the construct of a separate "Jones Enterprise" to try to avoid these complications—but in doing so, it ends up alleging an "enterprise" that is legally incoherent because it relies on a label instead of substantive allegations that meet the mark.

Furthermore, by using the term "enterprise" to refer simply to the defendants as co-conspirators, the Indictment collapses RICO's carefully constructed statutory architecture into a generic conspiracy theory. RICO is not a free-floating fraud enhancement; it requires the government to prove an enterprise that has structural and functional independence. Allowing Count One to proceed based solely on the existence of alleged coordination among union officers would eviscerate the statutory boundaries that distinguish RICO from ordinary criminal conspiracy law. It would also be contrary to established precedent, adopted by the Tenth Circuit, that "officers and employees of an organization cannot, in the ordinary course of their duties, constitute an association in fact separate from the organization itself." *Bd. of Cnty. Comm'rs of San Juan Cnty.*

---

[1] Many of the alleged acts in Count One involve travel (Doc. 1 at 19-20, ¶¶ 26-27), hiring (*Id*. at 21, ¶ 30), or benefit allocations (*Id*. at 21-22, ¶ 31-34), but these activities, even if unauthorized under union policy, do not constitute embezzlement or wire fraud under federal law absent clear evidence of criminal intent or deceit. *See United States v. Enmons*, 410 U.S. 396, 410 (1973) (use of union resources not inherently criminal under federal law).

KC 24905517.2

*v. Liberty Grp.*, 965 F.2d 879, 886 (10th Cir. 1992); *see also In re ClassicStar Mare Lease Litig.*, 727 F.3d 473, 493 (6th Cir. 2013) (noting that a parent corporation and its subsidiaries don't ordinarily satisfy the distinctness requirement); *Fitzgerald v. Chrysler Corp.*, 116 F.3d 225, 226–28 (7th Cir. 1997) (concluding that because "an employer and its employees cannot constitute a RICO enterprise," a "manufacturer plus its dealers and other agents (or any subset of the members of the corporate family) do not constitute" a RICO enterprise).

Although the Indictment attempts to side-step *Liberty Grp.* and related authority by labeling the "enterprise" as the "Jones Enterprise," seemingly to exist separate from the IBB, it fails to allege any facts showing that the "Jones Enterprise" is, in fact, anything other than the IBB with a new name. That is because such distinction exists in name only: there are no allegations of the Defendants' *roles* in the "Jones Enterprise" that are separate from their IBB employment, no allegations of any *acts* by Defendants that are separate from their employment with the IBB, and no other allegations evidencing a single distinction between the IBB and the "Jones Enterprise." Thus, the Indictment is nothing more than a blatant attempt to charge *the IBB's actions*, made through its officers and employees (the Defendants), not some ill-defined actions of the "Jones Enterprise." Such attempts are improper and do not establish a RICO Conspiracy.

Each of these failures are not just pleading defects—they are doctrinal errors that justify dismissal as a matter of law.

**B.    Count I fails to allege the requisite agreement.**

The Indictment also fails to establish an agreement amongst the Defendants to commit the underlying acts, which is a necessary element of the Government's RICO Conspiracy claim. A conviction under § 1962(d) requires proof that the defendant knowingly agreed to facilitate a pattern of racketeering activity. *See Salinas v. United States*, 522 U.S. 52, 63-65 (1997); *States v. Kamahele*, 748 F.3d 984, 1003 (10th Cir. 2014). In other words, to prove that an individual joined

KC 24905517.2

a conspiracy to violate RICO, the government must establish that the individual "objectively manifested an agreement to participate . . . in the affairs of [the] enterprise" and "that the defendant was aware of the scope of the enterprise and intended to participate in it." *Aguilar v. PNC Bank, N.A*., 853 F.3d 390, 402 (8th Cir. 2017) (quoting *Darden*, 70 F.3d at 1518; *United States v. Stephens*, 46 F.3d 587, 592 (7th Cir. 1995)); *see also Hecht v. Commerce Clearing House, Inc*., 897 F.2d 21, 25 (2d Cir. 1990) ("the core of a RICO civil conspiracy is an agreement to commit predicate acts.").

The Indictment summarily alleges that the Defendants knowingly, intentionally and unlawfully conspired to violate Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Jones Enterprise through a pattern of racketeering activity. (Doc. 1 at 15, ¶ 12). The Indictment further generally alleges that various acts "were part of the conspiracy," *see, e.g*., Doc. 1 at 16-26, but does not provide a single specific, non-generalized allegation on how any "part of the conspiracy" contained an "agreement" that was objectively manifested by Defendants. Nor does it allege when or how Defendants knowingly *agreed* to commit the predicate acts. When facing a motion to dismiss, such threadbare recitations of the elements of a RICO claim, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the Indictment's allegations relating to Count I, specifically the requisite agreement between Defendants, do not move the needle beyond threadbare allegations and Count I should be dismissed. Count I fails to allege interdependency amongst the Defendants.

The Indictment further fails to allege a single fact supporting interdependency amongst the Defendants, instead relying on a general, far-reaching conspiracy amongst all Defendants with no specified roles. "In determining whether a single conspiracy existed, a focal point of the analysis

is whether the alleged coconspirators' conduct exhibited interdependence." *United States v. Edwards*, 69 F.3d 419, 432 (10th Cir. 1995) (citation omitted). The mere presence of a central figure does not necessarily establish interdependence in a single conspiracy. *United States v. Roberts,* 14 F.3d 502, 511 (10th Cir. 1993). Instead, where several separate transactions are involved, as here, the Court must determine whether each co-conspirator's activities "constituted essential and integral steps toward the realization of a common, illicit goal." *United States v. Brewer,* 630 F.2d 795, 799 (10th Cir.1980); *see also United States v. Fox*, 902 F.2d 1508, 1514 (10th Cir. 1990) (same).

As the Tenth Circuit has explained, "it is not enough that a group of people separately intend to [engage in underlying acts], nor even that their activities occasionally or sporadically place them in contact with each other…What is needed is proof that they intended to act *together* for their *shared mutual benefit* within the scope of the conspiracy charged." *United States v. Evans*, 970 F.2d 663, 670-71 (10th Cir. 1992).

The Indictment, again, fails to allege the requisite interdependency where each Defendant's acts constituted "essential and integral" steps towards the alleged scheme. *Brewer*, 630 F.2d at 799. Rather, as noted above, the Indictment contains pages of general, threadbare allegations that *all* Defendants "were part of the conspiracy," *see, e.g.*, Doc. 1 16-26, without alleging each Defendants essential, unique role.[2] This is yet another fatal flaw, and for this independent reason, Count I should be dismissed against all Defendants.

### III.    Alternative request for a bill of particulars.

Alternatively, if Count One is not dismissed under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), for failure to state an offense, the Court should issue an order under Federal Rule

---

[2] Of course, the Indictment does provide the Defendants' roles *with the IBB*, but that is not sufficient for alleging the Defendants' roles in the alleged criminal enterprise, which must exist separately.

KC 24905517.2

of Criminal Procedure 7(f) requiring the government to produce a bill of particulars with sufficient information that would allow the Defendants to clearly identify what aspects of the "Jones enterprise" are allegedly distinct from (1) the Defendant "persons" themselves, (2) the racketeering activity they allegedly engage in, and (3) the IBB, including but not limited to the alleged enterprise's organizational structure, common purpose, and independent operations.

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes the Court to direct the Government to file a bill of particulars. *See generally* 1 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 130 (5th ed. West 2025). "The test for the court in passing on a motion for a bill of particulars should be whether the information requested is necessary to allow the defense to prepare its case or to avoid unfair surprise." *Id.* "When deciding whether a requested bill meets this standard, courts may consider the complexity of the crime charged, the clarity of the indictment, and the degree of discovery and other sources of information that are available to the defense." *Id.* If the Indictment's Count One "Jones enterprise" allegations are not totally invalid as a matter of law for the reasons given above, then they at least meet the test for a bill of particulars by failing to provide the detail needed for Defendants to understand the nature of the charges against them and adequately prepare for trial.

To be sure, Rule 7 does not require the government to advance all of its *evidence*. But that is not the instant request. What the bill of particulars should require the government to produce is a short and plain articulation of its *factual theory* for the alleged "Jones enterprise." To do so in compliance with 18 U.S.C. § 1962's "enterprise" definition, the government must be required to explain now—because the Indictment does not do so—what aspects of the "Jones enterprise" are allegedly distinct from (1) the Defendant "persons" themselves, (2) the racketeering activity they allegedly engage in, and (3) the IBB, *see supra* Part I.A-B, including but not limited to the alleged

enterprise's organizational structure, *see supra* Part I.A.1, common purpose, *see supra* Part I.A.2, and independent operations, *see supra* Part I.A.3. This accords with the Rule 7's core "awareness that an indictment may be sufficient on its face to state an offense, yet insufficient to adequately inform the accused of the charge against him to enable him to properly prepare his defense and, at least, to avoid prejudicial surprise." *King v. United States*, 402 F.2d 289, 292 (10th Cir. 1968).

## Conclusion

The Count One racketeering conspiracy charges require an "enterprise" that meets every facet of 18 U.S.C. § 1962's "enterprise" definition. The indictment's charged "Jones enterprise" does not meet that test, contradicting several key definitional principles. Because the charged "enterprise" is not legally cognizable under 18 U.S.C. § 1962, Count One is legally defective and should be dismissed as to all Defendants. The motion should be granted with an order dismissing Count One as to all Defendants for failure to state a claim.

Alternatively, the motion should be granted with an order under Federal Rule of Criminal Procedure 7(f) requiring the government to produce a bill of particulars with sufficient information that would allow the Defendants to identify what aspects of the "Jones enterprise" are allegedly distinct from (1) the Defendant "persons" themselves, (2) the racketeering activity they allegedly engage in, and (3) the IBB, including but not limited to the alleged enterprise's organizational structure, common purpose, and independent operations.

KC 24905517.2

Respectfully submitted,

SPENCER FANE LLP

/s/ *Patrick A. M$^c$Inerney*
Patrick A. M$^c$Inerney # 22561
Daniel M. Nelson KS Fed # 79203
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106-2140
Tele: 816-474-8100
Fax: 816-474-3216
pmcinerney@spencerfane.com
dnelson@spencerfane.com
Attorneys for Newton Jones

/s/ *Kurt Kerns*
Kurt P. Kerns # 15028
KERNS LAW GROUP
328 N. Main Street Wichita, KS 67202
Tele: 316-265-5511
kurtpkerns@aol.com

Federico Andino Reynal, *pro hac vice*
THE REYNAL LAW FIRM, PC
917 Franklin Street, Sixth Floor
Houston, TX 77002
Tele: 713-228-5900
areynal@frlaw.us
Attorneys for William Creeden

/s/ *Mark Molner*
Mark D. Molner # 24493
EVANS & MULLINIX, P.A.
7225 Renner Road, Suite 200
Shawnee, KS 66217
Tele: 913-962-8700
Fax: 913-962-8701
mmolner@emlawkc.com

KC 24905517.2

John T. Davis, *pro hac vice*
KESSLERWILLIAMS LLC
1401 S. Brentwood Blvd., Suite 950
St. Louis, MO 63144
Tele: 314-455-5555
Fax: 314-727-2869
john.davis@kesslerwilliams.com
Attorneys for Kateryna Jones

/s/ *J.R. Hobbs*
James R. Hobbs KS Fed # 70169
Marilyn Keller # 15444
WYRSCH HOBBS & MIRAKIAN, P.C.
One Kansas City Place
1200 Main St., Suite 2110
Kansas City, Missouri 64105
Tele: 816-221-0080
Fax: 816-221-3280
jrhobbs@whmlaw.net
mbkeller@whmlaw.net
Attorneys for Warren Fairley

/s/ *Branden Smith*
Branden Smith # 22761
SMITH LEGAL, L.L.C.
719 Massachusetts Street, Suite 126
P.O. Box 1034
Lawrence, Kansas 66044
Tele: 785-856-0780
Fax: 785-856-0782 branden@smithlegalllc.com

Kevin M. Spellacy, *pro hac vice*
James Wooley, *pro hac vice*
Erin E. Hanson, *pro hac vice*
323 W. Lakeside Ave., Suite 200
Cleveland, OH 44113
Tele: 216-344-9220
Fax: 216-664-6999
kspellacy@spellacylaw.com
jwooley@spellacylaw.com
ehanson@mghslaw.com
Attorneys for Lawrence McManamon

/s/ *Kathleen Fisher Enyeart*
Jackson Hobbs # 28191
Kathleen Fisher Enyeart # 25203
Brody Sabor KS Fed # 79098

KC 24905517.2

LATHROP GPM
2345 Grand Blvd., Suite 2200
Kansas City, Missouri 64108
Tele: 816-292-2000
Fax: 816-292-2001
jackson.hobbs@lathropgpm.com
kathleen.fisherenyeart@lathropgpm.com
brody.sabor@lathropgpm.com
Attorneys for Cullen Jones

## Certificate of Service

A true and correct copy of the foregoing document was served via the Court's CM/ECF

system to all counsel of record on the day of its filing.

/s/ *Patrick A. M<sup>c</sup>Inerney*
 Attorney for Newton Jones

KC 24905517.2